**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Alejandro ANGELES–AMAYA, aka Luis Alejandro Angeles, Defendant–Appellant.**

**No. 00–50762.**

**D.C. No. CR–00–02326–NAJ.**

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2001.**

Decided May 15, 2001.

---

** The panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

### MEMORANDUM *

Luis Alejandro Angeles–Amaya appeals his sentence of 12 months and 1 day imposed for importation of marijuana.[1] We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm.

Angeles–Amaya argues that the district court erred in finding him responsible for more than 40 kilograms of marijuana. He contends that the PSR's determination was unreliable, and that any doubt about the amount of drugs should be resolved in his favor under the rule of lenity.

Here, the PSR provided the only evidence on the amount of marijuana recovered. It arrived at 45.75 kilograms based on investigative reports following Angeles–Amaya's arrest. The probation officer then accounted for the weight of the packaging material by making a standard ten percent reduction based upon his opinion that the packaging was no different from standard packaging. This was sufficient to support a finding by a preponderance of the evidence that the quantity of drugs exceeded 40 kilograms. *See United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir.1998) (Presentence Report alone suffices). Angeles–Amaya suggests that the standard should be clear and convincing evidence, but we disagree. This was a quantity determination, not uncharged criminal conduct.

Nor is Angeles–Amaya's alternative contention correct, that the district court erred by basing its calculation on gross rather than net weight. Whether or not U.S.S.G. § 2D1.1, comment. (n.1) applies to packaging, the district court allowed for its by deducting 10% from the gross weight of 45.75 kilograms.

Angeles–Amaya also argues that the district court did not comply with Fed. R.Crim.P. 32, however the court noted that it had considered Angeles–Amaya's objections and found that the PSR's drug quantity calculation was correct. This is suffi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The district court departed downward to the sentence requested by Angeles–Amaya.

cient. *See United States v. Houston,* 217 F.3d 1204, 1208 (citations omitted) ("Although the district court's findings under Rule 32(c) must be express, they need only state the court's resolution of the disputed issues.")

AFFIRMED.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.